HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WEB JOIST NORTHWEST CORP., a Washington corporation,<br><br>Plaintiff,<br>v.<br><br>REDBUILT LLC, a Delaware limited liability company and CALIFORNIA STEEL AND TUBE, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. C18-5122RBL<br><br>ORDER ON MOTIONS TO DISMISS |

THIS MATTER is before the Court on Defendants' Motions to Dismiss. Defendant Redbuilt's Motion to Dismiss the Complaint [Dkt. # 36] applies to Counts 1-4 of Plaintiff's Complaint [Dkt. # 1]. Defendant California Steel and Tube's Motion to Dismiss [Dkt. #37] takes aim at the First, Second, and Fifth Claims for Relief. The Court has reviewed the materials filed for and against prior motions: Defendants' Joint Motion to Stay Discovery Pending Rulings on Motions to Dismiss [Dkt. # 38] (Order Granting Defendants' Motion to Stay—Dkt. # 41), and, Plaintiff's Motion for Temporary Restraining Order against California Steel and Tube, LLC [Dkt. #46] (Order on Motion for TRO – Dkt. #56). The Court is fully informed on the issues before it, and oral argument is not necessary.

Both defendants bring their motions under Fed. R. Civ. P. 12(b)(6) alleging that, in the face of macro-economic theory, evolving market trends, and horizontal and vertical sales agreements, the plaintiff has not and cannot state a claim upon which relief can be granted. There may be some kernel of truth in what they say. This, however, is not the time to say it.

In order to move a case beyond the pleading stage, the Federal Rules require that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required in order to satisfy the Rules' liberal pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 618, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007)). Instead, to survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In *Twombly*, the Supreme Court rejected the notion that Rule 8 requires a plaintiff to demonstrate that its claim is likely to succeed, or that a court evaluating a motion to dismiss should inquire into the veracity of the plaintiff's well-pleaded factual allegations. Instead, the Court explained that the complaint need only plead sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *lqbal*, the Court further clarified the "working principles" that underlie *Twombly*, explaining that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Following the Supreme Court's lead, the Ninth Circuit has consistently held that courts considering a

motion to dismiss must both "accept factual allegations in the complaint as true and construe the pleadings in light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), and draw all reasonable inferences from the facts alleged in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n. 2 (9th Cir. 2008).

The Complaint in this case meets the test under Fed. R. Civ. P. 8(c)(2) by providing a short and plain statement of the claims showing that the pleader is entitled to relief. The following is a persuasive, plausible account of what happened and what is happening to the Web Joist:

> Steel tubing is a critical input material in the manufacture of open web trusses, accounting for approximately 30% to 40% of their cost. Compl. ¶ 1. During each of the last five years, California Steel, which is the dominant manufacturer of steel tubing in the United States, has supplied both Web Joist and Redbuilt with 100% of their steel tube requirements. *Id*. at ¶¶ 12, 16. Redbuilt is Web Joist's direct competitor and the dominant participant in the United States open web truss market, holding approximately 95% market share. *Id*. ¶ 11. Both Web Joist and Redbuilt require the steel they use to be certified as structural grade under the ASTM A500 standard in order to meet industry specifications and compete in the open web truss market.
> *Id*. ¶ 20.
>
> For more than 20 years, California Steel certified the steel that it sold to Web Joist according to the ASTM A500 standard. *Id*. ¶¶ 2, 24. About two years ago, without any advance warning, California Steel suddenly refused to provide Web Joist with ASTM A500 certification.
> *Id*. ¶¶ 2, 26.
>
> When Web Joist pressed California Steel for an explanation of why it would no longer provide the certification, California Steel lied. In an email that copied the president of the company, California Steel falsely claimed that the steel that it used-the same steel that it had sold to Web Joist, complete with ASTM A500 certification, for more than two decades-did not "give [it] the opportunity to meet all of the [ASTM A500] specifications." *Id*. ¶ 26. California Steel then attempted to interfere with Web Joist's efforts to order its own metallurgical testing under the ASTM A500 standard.
> *Id*. ¶ 27.

Contrary to its repeated false statements, not only was California Steel capable of certifying its steel tubing under the ASTM A500 standard, it was actively doing so- just not for Web Joist. Eyewitnesses have watched California Steel's employees spend hours stripping ASTM A500 certification stickers off of steel tubing bound for Web Joist's facility, and replace them with lower grade certifications. *Id.* ¶ 29, 33. On occasion, California Steel's employees neglected to perform their removal with adequate care. As a result, Web Joist obtained certification stickers demonstrating decisively that California Steel is intentionally covering up the fact that the steel it sells Web Joist has been tested and certified as being structural grade. *Id.* ¶ 29. On another occasion, California Steel inadvertently sent Web Joist an order confirmation form showing that the steel it ordered was certified as ASTM A500, only to issue a revised form three hours later, retracting the specification. *Id.* ¶ 30. When Web Joist placed subsequent orders specifically calling for ASTM A500 certified steel, California Steel nonetheless adhered to its false claim that it "cannot produce [its] tubing to meet [the ASTM A500 standard]."
*Id.* ¶ 31.

At the same time that California Steel was misrepresenting its ability to produce ASTM A500 certified steel, it was selling it to Web Joist's competitor, Redbuilt. *Id.* ¶ 32. In fact, certified test reports show that on at least one occasion California Steel ordered two separate tests of the exact same sample of steel. The first report, intended for Web Joist, certified the steel as galvanized steel tubing. The latter, intended for Redbuilt but inadvertently forwarded to Web Joist, certified the steel as ASTM A500. *Id.*

In December 2017, after nearly a full year of falsely representing to Web Joist that it could not produce steel to meet the ASTM A500 standard, California Steel's sales employee, John Betance, conceded to Web Joist in a moment of candor that "you know for a fact that you are getting the same steel as Redbuilt, but we can't guarantee it." *Id.* ¶ 36. As a result, Web Joist is forced to spend approximately $1,000 per truckload more than Redbuilt for steel with the exact same physical properties. '*Id.* ¶ 3.

The Complaint alleges two years of ongoing price discrimination that includes a functional $1,000 per truckload surcharge on all of Web Joist's steel purchases. Compl. ¶ 3. The Complaint further alleges that if the discrimination continues, Web Joist may be forced out of business, resulting in a pure monopoly in Redbuilt's favor. Viewing these facts in the light most favorable to Web Joist, the Complaint's allegations of competitive injury are plainly sufficient to survive a motion to dismiss.

These motions are **DENIED**. The Order Staying Discovery Pending Resolution of the Motions to Dismiss expires by its own terms.

IT IS SO ORDERED.

Dated this 22nd day of May, 2018.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge